UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING, as CHIEF EXECUTIVE            )
OFFICER OF THE CENTRAL PENSION FUND              )
OF THE INTERNATIONAL UNION OF OPERATING )
ENGINEERS AND PARTICIPATING EMPLOYERS  )
4115 Chesapeake Street, N.W.                                 )
Washington, D.C. 20016,                                        )
                                                                              )
                                                    Plaintiff,        )
                                                                              )
                           v.                                                 )
                                                                              )
GORE MARINE CORPORATION                              )
1467 Patterson Island Road, S.E.                            )
Townsend, Georgia  31331,                                    )
                                                                              )
                  Serve: Registered Agent                     )
                            Jack Gore                                   )
                            1467 Patterson Island Road, S.E.   )
                            Townsend, Georgia 31331,           )
                                                                              )
                                                                              )
                  and                                                       )
                                                                              )
GORE MARINE TRANSPORTATION, CO.               )
1467 Patterson Island Road, S.E.                            )
Townsend, Georgia  31331,                                    )
                                                                              )
                  Serve: Registered Agent                     )
                            Jack Gore                                   )
                            1467 Patterson Island Road, S.E.   )
                            Townsend, Georgia 31331,           )
                                                                              )
                                                    Defendants.     )

COMPLAINT

(TO COLLECT CONTRIBUTIONS AND DAMAGES DUE TO EMPLOYEE
BENEFIT FUND AND FOR AN AUDIT)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the

following:

## PARTIES

1.      Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (hereinafter "Central Pension Fund").   The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).   The Central Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).   The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust.   The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016.   The Plaintiff, Michael R. Fanning, C.E.O. of the Central Pension Fund, is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.      Defendants Gore Marine Corporation and Gore Marine Transportation, Co. have an office located at 1467 Patterson Island Road, S.E., in Townsend, Georgia, and at all times relevant to this action have been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## JURISDICTION AND VENUE

3.      This is an action to collect contributions due to an employee benefit plan under the terms of a collective bargaining agreement and a trust agreement. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145.

4.      This Court has personal jurisdiction over the Defendants pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5.      Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6.      Defendants have been bound at all relevant times to Collective Bargaining Agreements with International Union of Operating Engineers Local Union No. 25 that govern the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendants within the jurisdiction of the Local Union.

7.      Pursuant to the Agreements the Defendants agreed to pay certain sums of money to the Central Pension Fund for certain hours worked by employees of the Defendants performing work covered by the Agreements.

8.      During the months of January 2012 to December 2014 the Defendants employed employees performing work covered by the Agreements.

9.      During the months of January 2012 to December 2014 the Defendants failed to pay all contributions owing to the Central Pension Fund in the amount of $15,576.55.

10.     Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

11.     Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for interest at the rate of 9% per annum.

12.     Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for all attorneys' fees, audit fees and costs.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES OWED
### TO EMPLOYEE BENEFIT FUND)

13.     Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in this Count I.

14.     In April 2015 Calibre CPA Group PLLC performed a payroll audit of the records supplied by the Defendants for Employer Identification Number 23055 and account numbers 169115 and 181889 for the period of January 2012 through December 2014 for work performed under the Agreements within the jurisdictions of International Union of Operating Engineers Local Union No. 25.

15.     The results of the audit revealed that during the months of January 2012 through December 2014 the Defendants failed to pay all contributions owing to the Central Pension Fund under the Agreements in the total amount of $15,576.55.

16.     The Defendants failed to pay the amount of contributions owing to the Central Pension Fund as revealed by the audit.

4

17.     By virtue of the failure to pay all amounts as contractually required, the Defendants are in contravention of the Agreements, the obligations under the Central Pension Fund's Restated Agreement and Declaration of Trust, and Section 515 of ERISA.

18.     The Defendants have failed to pay liquidated damages and interest for late and unpaid contributions owed to the Central Pension Fund as well as the cost of the audit.

19.     The Central Pension Fund is entitled to judgment for all remaining contributions owed, plus all unpaid liquidated damages and interest owed on late and unpaid contributions, plus attorneys' fees, costs and audit fees against the Defendants.

## COUNT II

## (AUDIT)

20.     Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 19 as if fully set forth in this Count II.

21.     An audit of the Defendants' records from January 2015 to the present will permit the Plaintiffs to determine whether the Defendants properly are reporting the number of employees working under the Collective Bargaining Agreement, the correct number of hours worked by the employees and the amount owed to the Plaintiffs.

22.     Under the terms of the Restated Agreement and Declaration of Trust, Plaintiffs are entitled to conduct an audit of Defendants' payroll records at the Defendants' expense.

WHEREFORE, Plaintiff prays judgment against the Defendants as follows:

A.     For unpaid contributions due and owing to the Plaintiff for work performed during the months of January 2012 through December 2014 in the amount of $15,576.55.

B.      For liquidated damages and interest for any late and unpaid contributions owed as provided for in the Central Pension Fund's Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2).

C.      For costs, audit fees and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2) and the Central Pension Fund's Restated Agreement and Declaration of Trust up to the date of judgment.

D.      For a Court Order requiring Defendants to submit all payroll books and records to Plaintiff for audit at the Defendants' cost for the period of January 2015 through and including the date of judgment.

E.      For any and all contributions, liquidated damages, and interest owed to the Plaintiffs which become due up to the date of judgment plus costs, interest, audit and reasonable attorneys' fees pursuant to the Agreements, Restated Agreement and Declaration of Trust and 29 U.S.C. § 1132(g)(2).

F.      Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated:  September 30, 2015

**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 362-0041
Facsimile: (202) 327-1200
rhopp@odonoghuelaw.com

By:     _____
R. Richard Hopp (Bar No. 432221)

*Attorney for the Plaintiff*